IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| Zhennan Yuan | ) | C/A No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Todd M. Lyons, Acting Director, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2025 APR 14 PM 2:01

## PRO SE COMPLAINT

I, Zhennan Yuan, am a citizen and national of China. I am a student at Northeastern University. But I was told last week that ICE terminated my student status because:

> TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

But I have no criminal record. I think ICE is either mistaken or acting illegally. I ask that you set aside ICE's termination so I can continue to go to school.

## PARTIES

1. Plaintiff Zhennan Yuan is a citizen and national of China who currently resides in Somerville, MA. Zhennan Yuan is over eighteen years old and competent to bring this action.

2. Defendant is Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement. In his official capacity, Defendant is in charge of the Student and Exchange Visitor Program ("SEVP") which terminated Plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") and his F-1 student status. Defendant resides in Washington, DC.

## PRO SE ALLEGATIONS

3.      Pursuant to 28 U.S.C. § 1654, individuals are entitled to file and prosecute their claims *pro se*: "In all courts of the United States *the parties may plead and conduct their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

4.      There is, after all, "no question that a party may represent his or her own interests in federal court without the aid of counsel." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007).

5.      Plaintiff Zhennan Yuan is complying with the rules of this District's regulating *pro se* complaints.

6.      Plaintiff Zhennan Yuan does not have an attorney for purposes of this litigation.

7.      For the convenience of the United States Attorney's Office, Zhennan Yuan provides the following:

   a.   Name: Zhennan Yuan
   b.   Email: Lymangatz@gmail.com
   c.   Phone Number: (571) 508-8855
   d.   Physical Address: 31 Lincoln Ave, Somerville, MA 02145
   e.   Mailing Address: 31 Lincoln Ave, Somerville, MA, 02145

8.      Plaintiff Zhennan Yuan understands that they must sign and mail any pleading, motion, notice, or other document that Zhennan Yuan files with the Court to:

   1 Courthouse Way
   Boston, Massachusetts 02210

9.      Plaintiff Zhennan Yuan further understands they must mail a copy of any pleading, motion, notice, or other document that Zhennan Yuan files with the Court to the United States Attorney's Office at:

   1 Courthouse Way, Suite 9200
   Boston, MA 02210

10. Plaintiff Zhennan Yuan is not a registered user of PACER or this Court's CM/ECF. Thus, Plaintiff Zhennan Yuan authorizes, permits, and requests that the Court and counsel for the Defendant to communicate with Plaintiff Zhennan Yuan through their email (noted above) and mail any necessary correspondence to:

> 31 Lincoln Ave,
> Somerville, MA, 02145

11. Plaintiff Zhennan Yuan will receive a scanned copy of any mail that is received at the mailing address above. This address is more reliable for receiving mail timely than Plaintiff Zhennan Yuan's home address, which is why they request the Court and Defense counsel use their mailing address.

12. Plaintiff Zhennan Yuan is available via phone, email, or mail to meet and confer with Defendant's counsel at any time.

## FACTS

13. Plaintiff Zhennan Yuan is a citizen and national of China.

14. I got accepted into Northeastern University in 2024.

15. Based on this acceptance, I got an F-1 visa.

16. I was admitted on an F-1 visa and I started attending classes immediately.

17. On one occasion in Utah in 2020, I was stopped by law enforcement while driving. I was not arrested but received a citation and instructions to contact the court within a specified timeframe. All charges listed above are dismissed with prejudice and sealed.

18. Then, I continued to go to class and pursue my degree.

19. On April 10, 2025, the international student services office at Northeastern University emailed me to tell me ICE terminated my SEVIS record.

20. Apparently, ICE went into my SEVIS record and wrote the following:

TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

21. Now, I am out of status and accruing unlawful presence.

22. This really hurts Plaintiff Zhennan Yuan.

23. First, according to ICE, Plaintiff Zhennan Yuan no longer has F-1 status in the United States and they must leave immediately or risk detention and physical removal. Because they lost their status, they cannot extend his current status or change status to a new nonimmigrant visa.

24. Second, according to U.S. Citizenship and Immigration Services, Plaintiff Zhennan Yuan is now accruing unlawful presence, which will prevent them from acquiring a new visa in the future and can lead to a bar on their reentry.

25. Fourth, ICE's claim that Plaintiff Zhennan Yuan has a criminal record stigmatizes them for any future employment in the United States or visa application. ICE claims that Plaintiff Zhennan Yuan has a criminal record which reflects on his moral character and leaves him with the stigma associated with a criminal record. And Plaintiff Zhennan Yuan has no mechanism to set aside this stigma.

26. Finally, this is causing Plaintiff Zhennan Yuan significant mental anguish and suffering. Their school is uncertain. Their life in the United States is uncertain. And their immigration status is uncertain. This uncertainty is causing sleepless nights and stressful days.

27. ICE/SEVP's termination of Zhennan Yuan's SEVIS record and F-1 status is unlawful.

## VENUE AND JURISDICTION

28. This Court has jurisdiction over this case under 28 U.S.C. § 1331.

29. Under § 1331, this Court can hear challenges to final agency actions under 5 U.S.C. § 706(2). Termination of a SEVIS record and F-1 status is a final agency action, ripe for

challenge. *See Fang v. Dir. U.S. Immigration and Customs Enforcement*, 935 F.3d 172 (3rd Cir. 2019).

30. Under § 1331, this Court can provide declaratory relief under 28 U.S.C. § 2201.

31. Venue is proper in this District and Division because Plaintiff lives in this district and division. 28 U.S.C. § 1391(e)(1)(C).

32. No statute or regulation requires any administrative exhaustion before filing suit.

## LEGAL BACKGROUND

33. F-1 students, unlike most nonimmigrants, are admitted for a "duration of status." *See* 8 C.F.R. § 214.2(f)(5)(i).

34. Regulations define a duration of status for an F-1 student as follows:

> **(i) General.** Duration of status is defined as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students, or engaging in authorized practical training following completion of studies, except that an F-1 student who is admitted to attend a public high school is restricted to an aggregate of 12 months of study at any public high school(s). An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on the Form I-20 or successor form. The student is considered to be maintaining status if the student is making normal progress toward completing a course of study.

*Id.*

35. Because degree programs differ in length from program to program and school to school, F-1 students are generally admitted for the duration of their student status like Plaintiff.

36. To monitor and verify that an F-1 student does not overstay their status, U.S. Immigration and Customs Enforcement operate the Student Exchange and Visitor Program or SEVP. 8 U.S.C. § 1372. SEVP in turn certifies schools to accept F-1 students. 8 C.F.R. § 214.3(c). To qualify for SEVP-certification, schools must agree to report, update, and maintain information about each F-1 student in SEVP's Student and Exchange Visitor Information System or SEVIS. *Id.* at § 214.3(g).

37. SEVIS is nothing more than an online database housing data about all F-1 students that SEVP-certified schools are required to use for international students. 8 U.S.C. § 1372.

38. Schools are required to report certain events in SEVIS, such as the student's start date, course progress, and graduation. 8 C.F.R. § 214.3(g).

39. In turn SEVP monitors SEVIS to verify that F-1 students are "maintaining their status" throughout their "duration of status."

40. Regulation defines "maintaining status" for F-1 students as "making normal progress toward completing a course of study." 8 C.F.R. § 214.2(f)(5)(i).

41. So, if a student quits school, the school—through its "designated school officer" or DSO—reports the early withdrawal in SEVIS and terminates the student's SEVIS record and with it the student's F-1 status.

42. Depending on the reason for termination, ICE considers a student with a terminated SEVIS record as a nonimmigrant without status present in the United States and expects those nonimmigrants to leave the United States, though certain bases for termination do engender grace periods.

43. An F-1 student's SEVIS record and F-1 status can be terminated for a limited number of reasons. Without a SEVIS record, a student cannot have F-1 status. The two are inextricably intertwined.

44. First, a DSO can terminate a SEVIS record and F-1 status if the student does something wholly inconsistent with making normal progress toward completing a course of study, such as withdrawing early, never showing up at school, or graduating. *See generally* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (last visited Apr. 9, 2025).

45. Second, a DSO can terminate a SEVIS record and F-1 status if the student commits certain actions that the regulations define as a failure to maintain status:

- "Any unauthorized employment by a nonimmigrant constitutes a failure to maintain status";
- "A nonimmigrant's willful failure to provide full and truthful information requested by DHS (regardless of whether or not the information requested was material) constitutes a failure to maintain status"; and
- "A nonimmigrant's conviction in a jurisdiction in the United states for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status[.]"

8 C.F.R. §§ 214.1(e)-(g).

46. Third, SEVP and ICE can take certain steps to terminate the F-1 student's SEVIS and F-1 status as follows:

> **Termination of status.** Within the period of initial admission or extension of stay, the nonimmigrant status of an alien shall be terminated by the revocation of a waiver authorized on his or her behalf under section 212(d) (3) or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons.

8 C.F.R. § 214.1(d).

47. Finally, if ICE believes an F-1 student has failed to maintain their student status, it can place the student in removal proceedings where it bears the burden to prove by clear and convincing evidence the student is removable for failure to maintain status. 8 U.S.C. § 1227(a)(1)(C). If ICE carries its burden, an immigration judge can order an F-1 student removed, thereby terminating their SEVIS record and F-1 status.

48. There are no other reasons or mechanisms to "terminate" a student's SEVIS record or F-1 status.

## FIRST CAUSE OF ACTION
### (APA – Unlawful Decision)

49. ICE's termination of PLAINTIFF's SEVIS record and F-1 status is unlawful, arbitrary and capricious, and in violation of law. 5 U.S.C. § 706(2).

50. It is indeed a final agency action that harms PLAINTIFF for which there is no other adequate remedy in a court. 5 U.S.C. §§ 702, 704.

51. A final agency action is arbitrary and capricious where:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

52. ICE's termination decision is arbitrary and capricious because:

    a. It is *ultra vires* because ICE does not have authority to terminate SEVIS records and F-1 status without going through the mechanisms in 8 C.F.R. § 214.1(d);

    b. It lacks reasoned decision making because ICE fails to set forth the reasons for its decision or provide any reasoning;

    c. It is arbitrary and capricious because Zhennan Yuan has no criminal record and, therefore, the decision failed to consider an important aspect of the problem;

    d. It is arbitrary and capricious because Zhennan Yuan has no criminal record and, therefore, the decision runs counter to any evidence;

    e. It is arbitrary and capricious because it interprets failure to maintain status unlawfully to include all interactions with the police;

    f. It is arbitrary and capricious because Zhennan Yuan did not fail to maintain their status as student because they have been and continues to be "making normal progress toward completing a course of study," 8 C.F.R. § 214.2(f)(5)(i);

  g. It violates 5 U.S.C. § 558(c) because F-1 status is a license—permission to attend a SEVP-certified school—and a license cannot be taken without notice and opportunity to remedy any defect, *see N. Rockies Reg'l Ctr., LLC v. Jaddou*, 743 F. Supp. 3d 1195, 1205-06 (D. Mont. 2024);

  h. It violates the Due Process Clause of the Fifth Amendment because Plaintiff has a cognizable property or liberty interest in his SEVIS record and F-1 status and ICE provided no notice or opportunity to respond before it terminated Plaintiff's SEVIS record and F-1 status;

  i. Without a director appointed by the president and confirmed by the senate, ICE cannot terminate SEVIS or F-1 status without violating the Appointment's Clause of the United States Constitution; and

  j. ICE's termination of Plaintiff's SEVIS record and F-1 status is arbitrary and capricious for various other reasons that Plaintiff cannot identify until ICE turns over a certified administrative record. Thus, Plaintiff reserves the right to expand the bases for its claims that such decision is arbitrary and capricious until dispositive motions based on an administrative record.

53. For all of these reasons and those additional grounds that Plaintiff can identify after a review of the certified administrative record, ICE's termination of Plaintiff's SEVIS record and F-1 status must be set aside.

## CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES

54. ICE's termination is substantially unjustified under the APA.

55. Plaintiff qualifies for fees under the Equal Access to Justice Act.

56. Plaintiff is entitled to reasonable attorney's fees under the Equal Access to Justice Act.

## PRAYER FOR RELIEF

Plaintiffs pray that this Court will:

57. Take jurisdiction over this case;

58. Enter a temporary restraining order or preliminary injunction, enjoining the effect of ICE's termination of Plaintiff's SEVIS record and F-1 status during the course of this litigation;

59. Declare ICE's termination decision unlawful;

60. Enter an order setting aside ICE's termination decision and enjoining ICE from terminating Plaintiff's SEVIS record and F-1 status without additional process in the future;

61. Order ICE to pay reasonable attorney's fees; and

62. Enter and issue other relief that this Court deems just and proper.

Executed on 14/4/2025

*Zhennan Yuan*
Zhennan Yuan